IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARRAL C. MORRIS,
Petitioner,

v.

Case No. 19–CV–01329–JPG

ERIC WILLIAMS,
Respondent.

## MEMORANDUM & ORDER

This is a post-conviction proceeding. Before the Court is Petitioner Darral C. Morris's Petition for Writ of Habeas Corpus. (ECF No. 1). Respondent Eric Williams responded. (ECF No. 12). For the reasons below, the Court **DISMISSES** Morris's Petition and **DIRECTS** the Clerk of Court to **ENTER JUDGMENT**.

### I.   PROCEDURAL & FACTUAL HISTORY

In 2013, Morris was indicted in this District for unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (Indictment at 1–2, *United States v. Morris*, No. 13-CR-30232-MJR [*hereinafter* "Crim. R."], ECF No. 1). More specifically, the Government pointed to Morris's felon status based on a 2010 Illinois state conviction for unlawful delivery of a controlled substance. (*Id.*). The Government did not allege, however, that Morris *knew* he was prohibited from possessing a firearm because of his felon status. (*See id.*).

A year later, Morris pleaded guilty to the charge. (*See* Plea Agreement at 4, 11, Crim. R., ECF No. 43). He also stipulated to the underlying facts. (*See* Stipulation of Facts at 1, Crim. R., ECF No. 44). Relevant here, Morris stipulated that before getting caught with a 9mm semi-automatic pistol in 2013, he was "convicted of a crime that was punishable by a term of

imprisonment of more than one year, namely: Unlawful Delivery of a Controlled Substance, in Circuit Court of St. Clair County, on September 30, 2010, in Case No. 09-CF-380." (*Id.* at 2).

Similarly, the Presentence Investigation Report ("PSR") stated that Morris, upon arrest, "advised [law enforcement] that he had three prior felony convictions and that he knew he was not permitted to be around guns because he was a convicted felon." (PSR at 5, Crim. R., ECF No. 86). The PSR also suggested that Morris met "the criteria of an armed career criminal"—leading to an enhanced sentence under 18 U.S.C. § 924(e)—because he had "one prior felony offense for a crime of violence and two prior felony offenses for a controlled substance offense (residential burglary and two counts of unlawful delivery of a controlled substance that were committed on occasions different from one another)." (*Id.* at 5–6). Morris was incarcerated for over a year on the robbery charge before being paroled. (*Id.* at 8). He also pleaded guilty to unlawful possession of a weapon by a felon once before, in 2005 in Illinois state court. (*Id.* at 13).

The Court ultimately sentenced Morris to 180-months' imprisonment. (Judgment at 2, Crim. R., ECF No. 92). The Court also dismissed his first petition under 28 U.S.C. § 2255, in which Morris argued that his Illinois convictions should not have made him an armed career criminal subject to an enhanced sentence. (Order Dismissing Section 2255 Petition at 1, *Morris v. United States*, No. 16-CV-00670-MJR, ECF No. 23 (S.D. Ill. Jan. 16, 2019)).

Then, in June 2019, the Supreme Court in *Rehaif v. United States* held that there is a scienter requirement under § 922(g): "[B]y specifying that a defendant may be convicted only if he 'knowingly violates' § 922(g), Congress intended to require the Government to establish that the defendant knew he violated the material elements of § 922(g)." 139 S. Ct. 2191, 2196 (2019).

Now, pointing to *Rehaif*, Morris challenges his conviction under 28 U.S.C. § 2241 because the Government supposedly "neither alleged nor proved that Morris had knowledge that he was a convicted felon at the time he possessed a firearm." (Petition at 6).

## II.   LAW & ANALYSIS

Section 2241 of Title 28 of the U.S. Code provides a mechanism by which inmates can attack the **execution** of a federal sentence by prison officials: It authorizes district courts to issue a writ of habeas corpus when a prisoner establishes that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241.

Section 2255, on the other hand, provides an avenue—a motion to vacate, set aside, or correct the sentence—for "federal prisoners who wish to attack the **validity** of their convictions . . . ." *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001) (emphasis added) (citing 28 U.S.C. § 2255). And unlike § 2241, § 2255 contains "a provision which bars prisoners from filing second or successive § 2255 petitions" without approval from the appropriate court of appeals "except in two narrow circumstances: (1) when newly discovered evidence would establish by clear and convincing evidence that the prisoner is not guilty of the offense for which he was convicted, or (2) when the petition presents a new rule of constitutional law, made retroactive by the Supreme Court to cases on collateral review, that was unavailable to the petitioner at the time of his first petition." *See id.* (citing 28 U.S.C. § 2255).

"[I]n the overwhelming majority of cases[,] § 2255 specifically prohibits prisoners from circumventing § 2255 and challenging their convictions or sentences through a petition under § 2241." *Id.* That said, there is a narrow exception in "the so-called 'savings clause' of § 2255, which allows prisoners to bring § 2241 petitions if they can show that the § 2255 remedy 'is

**inadequate or ineffective** to test the legality of [the prisoner's] detention.' " *Id.* (emphasis added) (quoting 28 U.S.C. § 2255).

The Seventh Circuit has "laid out three requirements for showing that § 2255 is inadequate or ineffective: (1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017) (citing *In re Davenport*, 147 F.3d 605, 610–11 (7th Cir. 1998)). If the petitioner "can show that his petition fits under this narrow exception, then . . . the district court [will have] jurisdiction to consider his habeas petition under § 2241 . . . ." *Garza*, 253 F.3d at 921.

To be sure, Morris's habeas petition under *Rehaif* amounts to an attack on the validity of his conviction, which should normally be advanced through a motion to vacate, set aside, or correct sentence. *See Rehaif*, 139 S. Ct. at 2213 (Thomas, J., dissenting) (warning that a possible consequence of the Court's decision will be an influx of petitions brought under § 2255). And because he already filed a motion under § 2255, Morris would otherwise be barred from raising this argument without permission from the Seventh Circuit. Even so, because he packaged his claim under § 2241, the Court will consider whether it falls under § 2255's savings clause.[1]

With that in mind, only the third requirement is at issue because Williams "concedes that [Morris's] *Rehaif* claim satisfies the first two *Davenport* requirements." (Gov't Resp. at 18). To proceed, Morris "must show that it is **more likely than not** that no reasonable juror would have

---

[1] Along with arguing that Morris's claim does not fall under the savings clause on the merits, Williams contends in the alternative that the Court should not venture into this issue at all or else the savings clause will become a workaround to the bar on second or successive § 2255 motions. But the Seventh Circuit *has* considered the savings clause as an exception, even if a narrow one. *See Garza*, 253 F.3d at 921.

— 4 —

found [him] guilty beyond a reasonable doubt" of unlawful possession of a firearm as a felon, meaning that Morris *knew* he was prohibited from owning a firearm when he committed the offense. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995) (emphasis added); *Davis*, 863 F.3d at 964–65. "Such a probability exists if a reasonable jury could believe that [Morris] was ignorant of his prior felony conviction." *See United States v. Fleming*, 819 Fed. App'x 444, 444 (7th Cir. 2020). "This formulation . . . ensures that [Morris's] case is truly 'extraordinary,' while still providing petitioner a meaningful avenue by which to avoid a manifest injustice." *House v. Bell*, 547 U.S. 518, 537 (2006) (quotations omitted).

Morris simply argues that his conviction is illegal because "the government neither alleged nor proved that [he] had knowledge that he was a convicted felon at the time he possessed a firearm." (Petition at 6).

> The indictment merely alleges that he had the relevant status, not that he had knowledge of the relevant status . . . . Similarly to the plea agreement merely listed with Mr. Morris. Which did not indicate that he had knowledge of his felony status at the time he possessed the weapon[.] Accordingly, [a]fter *Rehaif*, [t]he Government did not prove the elements necessary to convict Mr. Morris because his indictmen[t] is insufficient due to lack of pleading all of requisite elements.

(*Id.*). The Court disagrees.

Morris only points to the Indictment and the Plea Agreement and the fact that they do not specifically allege the knowledge element. But that alone does little to show that he did not know he was a felon and was therefore innocent of the charge. For one, Morris was convicted of this very crime—unlawful possession of a weapon by a felon—in Illinois state court in 2005. Surely that conviction alerted him to his felon status. Morris also served over a year in the Illinois Department of Corrections for residential burglary, on top of pleading guilty to at least one other crime punishable by a term of imprisonment of more than one year, unlawful delivery of a

controlled substance. Again, these convictions should have clarified to him that he was, in fact, a felon. Not to mention, of course, Morris's admission to the arresting officers that "he had three prior felony convictions and that he knew he was not permitted to be around guns because he was a convicted felon." Yet even though Morris bears the burden, he only points to the charging documents. At bottom, no reasonable jury could believe that Morris was ignorant of his felon status when he was caught possessing a firearm. The Court therefore **DISMISSES** his Petition **WITH PREJUDICE** and **DIRECTS** the Clerk of Court to **ENTER JUDGMENT**.

Finally, if the savings-clause analysis converted this proceeding into one under § 2255, the Court declines to issue a certificate of appealability because Morris has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

### III.   CONCLUSION

The Court **DISMISSES** Petitioner Darral C. Morris's Petition for Writ of Habeas Corpus **WITH PREJUDICE** and **DIRECTS** the Clerk of Court to **ENTER JUDGMENT**.

**IT IS SO ORDERED.**

**Dated: Tuesday, July 27, 2021**

S/J. Phil Gilbert
**J. PHIL GILBERT
UNITED STATES DISTRICT JUDGE**